|  |  |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE E. STONE, Santa Clara County Assessor; JEANETTE TONINI, Senior Assessment Clerk; EDWARD J. DAVILA, District Judge; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 19-cv-07000-BLF<br><br>**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST JUDGE EDWARD J. DAVILA WITHOUT LEAVE TO AMEND** |

On October 17, 2019, Plaintiff filed the complaint in the present action in the Santa Clara County Superior Court, alleging that his spouse transferred her interest in their residence to him, and that the Santa Clara County Assessor's Office thereafter terminated his homeowners' exemption in order to illegally raise Plaintiff's property tax. *See* Notice of Removal Exh. 4 (Complaint), ECF 1-4. Plaintiff named as Defendants Lawrence E. Stone, Santa Clara County Assessor ("Stone"); Jeanette Tonini, Senior Assessment Clerk ("Tonini"); the County of Santa Clara ("the County"); and United States District Judge Edward J. Davila ("Judge Davila"). The claims against Judge Davila relate to Judge Davila's judicial acts in screening a complaint, pursuant to a pre-filing screening order regarding Plaintiff, filed by Plaintiff in federal district court on October 15, 2019.

The United States of America removed the present action to federal district court on behalf of Judge Davila pursuant to 28 U.S.C. § 1442(a)(3), providing for removal of state court actions asserted against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties." *See* Notice of Removal, ECF 1. The removed action was opened as Case No. 19-cv-07000 and assigned to the undersigned judge. *See id.*

This Court granted the United States' motion to appear as *amicus curiae* and issued an Order to Show Cause directing Plaintiff to show cause in writing, on or before November 19, 2019: (1) why this action should not be dismissed as to Judge Davila on the basis of absolute judicial immunity, and (2) why the pre-filing screening order regarding Plaintiff should not be expanded to include claims against federal judges. *See* Order to Show Cause, ECF 15. Plaintiff timely responded to the Order to Show Cause, arguing that Judge Davila should not be dismissed and that the pre-filing screening order should not be expanded.

In this order, the Court addresses Judge Davila's entitlement to absolute judicial immunity. The Court addresses the requested expansion of the pre-filing screening order regarding Plaintiff in a separate order.

### I. JUDGE DAVILA IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY

Judges generally are absolutely immune from civil suit. *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) ("Federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts."). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

"[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. "[I]mmunity is overcome in only two sets of circumstances." *Id.* "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.*

Plaintiff's allegations against Judge Davila clearly arise from acts taken in Judge Davila's judicial capacity. Plaintiff alleges that he filed a lawsuit against Stone, Tonini, and the County in federal district court on October 15, 2019 and the case was assigned to Judge Davila as Case No. 19-*cv*-80255. *See* Compl. ¶¶ 12-13 & Unnum. Para. at p. 3, ECF 1-4. In fact, the complaint was assigned to Judge Davila as Case No. 19-*mc*-80255 only in Judge Davila's role as General Duty

Judge and only for the purpose of pre-filing screening. *See* Case No. 19-mc-80255, ECF 1, 2.[1]  Plaintiff appears to believe that Judge Davila directed that the federal complaint was "subject to dismissal without trial." *See* Compl. Unnum. Para. at p. 3, ECF 1-4.  Plaintiff alleges that "[f]or this reason, judge Davila, Santa Clara County, assessor Stone, and clerk Tonini have conspired to deprive plaintiff of the Fourth Amendment right against unreasonable seizures." *See id.*  In fact, Judge Davila issued an order authorizing the filing of the federal complaint. *See* Case No. 19-mc-80255, ECF 2.  Even if Judge Davila had dismissed Plaintiff's federal complaint, however, such act would be an act taken in Judge Davila's judicial capacity and within his jurisdiction.  Accordingly, it is clear that Judge Davila is entitled to absolute judicial immunity from this suit.

In his response to the Order to Show Cause, Plaintiff argues that Judge Davila is not entitled to immunity pursuant to the Federal Tort Claims Act.  That argument does not address or undermine Judge Davila's entitlement to absolute judicial immunity under the authorities discussed above.

Because Plaintiff's claims against Judge Davila stem from acts for which he is absolutely immune, granting leave to amend would be futile.  Plaintiff's claims against Judge Davila therefore are DISMISSED WITHOUT LEAVE TO AMEND. *See Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1249 (9th Cir. 1999) (affirming dismissal of claims without leave to amend where amendment would have been futile in light of Eleventh Amendment immunity).

**II. ORDER**

Plaintiff's claims against Judge Davila are DISMISSED WITHOUT LEAVE TO AMEND on the basis of absolute judicial immunity.

Dated: December 2, 2019

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court takes judicial notice of the filings in Case No. 19-mc-80255. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

3