**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>LAWRENCE E. STONE, Santa Clara County Assessor; JEANETTE TONINI, Senior Assessment Clerk; EDWARD J. DAVILA, District Judge; and COUNTY OF SANTA CLARA,<br><br>    Defendants. | Case No. 19-cv-07000-BLF<br><br>**ORDER REQUIRING THAT KUANG-BAO P. OU-YOUNG OBTAIN LEAVE OF COURT BEFORE FILING ANY COMPLAINT AGAINST FEDERAL JUDGES** |

On December 20, 2013, District Judge Edward M. Chen issued an order declaring Plaintiff Kuang-Bao P. Ou-Young to be a vexatious litigant and directing pre-filing screening of any complaint filed by Plaintiff involving certain statutes and parties. *See* Vexatious Litigant Order, Case No. 13-cv-04442, ECF 40. In the six years following Judge Chen's issuance of the Vexatious Litigant Order, Plaintiff has filed more than two dozen meritless actions in this district, many asserting claims against federal judges based on their rulings.

Plaintiff also filed the present action in state court, naming District Judge Edward J. Davila as a defendant along with the County of Santa Clara and two County employees. *See* Notice of Removal Exh. 4 (Complaint), ECF 1-4. Following removal of the action to this district, the Court issued an Order to Show Cause why the action should not be dismissed as to Judge Davila based on judicial immunity, and why the pre-filing screening requirement applicable to Plaintiff should not be expanded to include claims against federal judges. *See* OSC, ECF 15. Plaintiff timely responded to the Order to Show Cause. *See* Pl.'s Response to OSC, ECF 22.

The Court has dismissed Plaintiff's claims against Judge Davila in a separate order. *See* Dismissal Order, ECF 25. The present order addresses the propriety of issuing an order requiring pre-filing review of Plaintiff's future complaints against federal judges. For the reasons discussed below, the Court finds that such an order is warranted. The Court therefore ORDERS that Kuang-Bao P. Ou-Young must obtain leave of court before filing any complaint against federal judges.

**I.  BACKGROUND**

*Judge Chen's Vexatious Litigant Order*

As noted above, Judge Chen issued a Vexatious Litigant Order regarding Plaintiff in 2013. *See* Vexatious Litigant Order, Case No. 13-cv-04442, ECF 40. In that order, Judge Chen discussed five civil cases that Plaintiff had filed in this district against federal judges, federal agencies and employees, and others, as well as a misconduct complaint that Plaintiff had filed against a federal judge. *See id.* Judge Chen concluded that although the number of Plaintiff's filings was not as great as in other vexatious litigant cases, "the patently meritless nature of his filings" warranted issuance of a pre-filing review order. *Id.* at 13. Notably, Plaintiff persisted in suing for violations of federal criminal statutes despite being advised repeatedly that the statutes do not provide a private right of action. *See id.* Judge Chen issued an order that was narrowly tailored to require that "Plaintiff must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512 (c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in this Court." *Id.* at 16-17.

*Plaintiff's Filings Since Judge Chen's Order*

Since the Vexatious Litigant Order issued, Plaintiff has submitted twenty-five complaints that have been subject to pre-filing review. *See* Case Nos. 14-mc-80017-RMW; 14-mc-80018-RS; 14-mc-80028-JSW;14-mc-80029-JSW; 14-mc-80030-JSW; 14-mc-80174-BLF; 14-mc-80214-EJD; 14-mc-80215-EJD; 14-mc-80306-LHK; 14-mc-80332-BLF; 14-mc-80335-BLF; 14-mc-80342-WHA; 14-mc-80343-WHA; 15-mc-80031-YGR; 15-mc-80033-EJD; 15-mc-80149-BLF; 15-mc-80151-EJD; 15-mc-80172-EJD; 15-mc-80180-VC; 15-mc-80185-VC; 15-mc-80192-EJD;

15-mc-80197-LHK; 15-mc-80235-EJD; 15-mc-80212-BLF; 19-mc-80254-EJD; 19-mc-80255-EJD. As discussed in more detail below, many of those complaints asserted claims against federal judges.

During that same period, Plaintiff filed multiple motions to intervene, disqualify judges, and vacate orders in criminal and civil actions to which he was not a party. *See, e.g.,* Case Nos. 14-cr-00196-CRB, ECF 344 (motion to intervene in criminal proceeding); 14-cv-05142-LHK, ECF 95 (motion to intervene, to disqualify the assigned judge, to vacate a court order, and for summary judgment); Case No. 17-cv-00574-WHO, ECF 84 (motion to intervene).

All of the motions to intervene, disqualify, and the like were denied. *See* Case Nos. 14-cr-00196-CRB, ECF 345 (denying motion to intervene); 14-cv-05142-LHK, ECF 97 (denying motion to intervene, to disqualify the assigned judge, to vacate a court order, and for summary judgment); Case No. 17-cv-00574-WHO, ECF 85 (denying motion to intervene). Plaintiff also was denied leave to file all but two of the complaints listed above, on the basis that they asserted claims involving statutes and parties specified in Judge Chen's Vexatious Litigant Order and were without merit.

*Plaintiff's 2019 Cases*

As to the two most recent complaints screened in 2019, however, leave to file was granted on the basis that the claims asserted therein fell outside the scope of Judge Chen's order. One complaint asserts claims against Ninth Circuit Judges Edward Leavy, Consuelo M. Callahan, and Carlos T. Bea. *See* Case No. 19-cv-07232-EJD (screened in Case No. 19-mc-80254-EJD). The judge assigned to that case has not yet had occasion to determine whether the complaint states a viable claim. That case is proceeding.

The second complaint as to which leave to file was granted asserts claims against the County of Santa Clara and County employees. *See* Case No. 19-cv-07231-BLF (screened in Case No. 19-mc-80255-EJD). That action is proceeding.

Plaintiff filed a third complaint in this district in 2019 that does not appear to have been flagged for pre-filing review by the Clerk's Office. *See* Case No. 19-cv-03049-EJD. A civil case was opened based on the complaint, and Plaintiff subsequently filed a first amended complaint.

3

1 The district court assigned to the case found that Plaintiff's claims against federal district judges, circuit judges, United States Supreme Court justices, and federal officials and employees were without merit and dismissed the case with prejudice. *See id.*

Plaintiff's fourth 2019 complaint, which commenced the present action, was filed in state court and removed to this district. *See* Notice of Removal, ECF 1. The removal complaint was not flagged for screening by the Clerk's Office. The complaint alleges claims against Judge Davila, the County of Santa Clara, and Santa Clara employees. As noted above, Plaintiffs' claims against Judge Davila have been dismissed. *See* Dismissal Order, ECF 25.

The United States of America, appearing in this action as *amicus curiae*, requests that the Court issue an order requiring pre-filing review of all claims against federal judges. *See* United States' Br. at 6, ECF 6-1. The United States argues that such an order is warranted because Plaintiff has a documented propensity to sue federal judges when he does not like their decisions, and the current Vexatious Litigant Order does not cover Plaintiff's recent suits against federal judges. *See id.* Plaintiff argues that expansion of the screening order would deprive him of his Seventh Amendment right to a jury trial. *See* Pl.'s Response to OSC, ECF 22.

## II. LEGAL STANDARD

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is, however, a serious matter." *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014). "[T]he right of access to the courts is a fundamental right protected by the Constitution," and "[p]rofligate use of pre-filing orders could infringe this important right." *Id*. at 1061-62 (internal quotation marks and citations omitted). Thus, "pre-filing orders should rarely be filed," and only when certain requirements are met. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.'" *Molski*, 500 F.3d at 1057 (quoting *De Long*, 912 F.2d at 1148). A district court therefore has discretion to restrict a litigant's future filings by requiring leave of

4

court. *See De Long*, 912 F.2d at 1146-47.

"When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48). "The first and second of these requirements are procedural," while the third and fourth requirements are "substantive considerations" helpful to defining who is a vexatious litigant and fashioning an appropriate remedy. *Id*. at 1062.

## III. DISCUSSION

### A. Notice and Opportunity to Oppose

The first requirement is satisfied where the litigant is given notice that the court is considering a pre-filing screening order and an opportunity to oppose such order before it issues. *See Ringgold-Lockhart*, 761 F.3d at 1062. A hearing is not required. *See Ou-Young v. Roberts*, No. C-13-4442 EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013) (collecting cases).

The Court issued an Order to Show Cause why Plaintiff should not be subject to pre-filing review of claims against federal judges. *See* Order to Show Cause at 2, ECF 15. Plaintiff responded to the Order to Show Cause and argued against imposition of such pre-filing review. *See* Pl.'s Response to OSC at 2-3, ECF 22. Consequently, the record is clear that Plaintiff both received notice and actually opposed issuance of an order requiring pre-filing screening of claims against federal judges.

### B. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. "At the least, the record needs to show, in some manner, that the litigant's activities were numerous or abusive." *Id*.

As noted in the Background section, above, Plaintiff has filed or attempted to file dozens

of actions in this district since Judge Chen issued his Vexatious Litigant Order. Approximately half of those actions contain claims against federal judges, as summarized below:

(1) Case No. 14-mc-80017-RMW: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; Chief District Judge Claudia Wilken; District Judge Edward M. Chen; District Judge Lucy H. Koh; Magistrate Judge Howard R. Lloyd; Deputy Clerk Martha P. Brown; Deputy Clerk Tiffany Salinas-Harwell; Attorney General Eric H. Holder, Jr.; United States Attorney Melinda Haag; Assistant United States Attorney Claire T. Cormier; and Assistant United States Attorney James A. Scharf*. Plaintiff asserted 131 claims for fabrication, intimidation, conspiracy, and unspecified torts based on rulings made by the defendant judges, clerical work done by the defendant Clerk's Office staff, and litigation conduct of the defendant attorneys in multiple cases in which adverse rulings were made against Plaintiff. Plaintiff sought a declaratory judgment that the defendants "engaged in fabrication of court records, intimidation, and conspiracy"; referral of the defendants for criminal prosecution; removal of certain judges from office; and monetary damages against each defendant in amounts ranging from $4,000,000 to $28,000,000. Leave to file the complaint was denied on January 30, 2014.

(2) Case No. 14-mc-80018-RS: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; Chief District Judge Claudia Wilken; District Judge Edward M. Chen; District Judge Lucy H. Koh; Magistrate Judge Howard R. Lloyd; Deputy Clerk Martha P. Brown; Deputy Clerk Tiffany Salinas-Harwell; Attorney General Eric H. Holder, Jr.; United States Attorney Melinda Haag; Assistant United States Attorney Claire T. Cormier; and Assistant United States Attorney James A. Scharf*. Plaintiff refiled the identical claims, against the identical defendants, set forth in Complaint (1), above. Leave to file the complaint was denied on February 7, 2014.

(3) Case No. 14-mc-80028-JSW: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; Chief District Judge Claudia Wilken; District Judge Edward M. Chen; District Judge Lucy H. Koh; Magistrate Judge Howard R. Lloyd; Deputy Clerk Martha P. Brown; Deputy Clerk Tiffany Salinas-Harwell; Attorney General Eric H. Holder, Jr.; United States Attorney Melinda Haag; Assistant United States Attorney Claire T. Cormier; and Assistant United States Attorney James A. Scharf*. Plaintiff refiled the identical claims, against the identical defendants, set forth in

Complaints (1) and (2), above. Leave to file the complaint was denied on March 26, 2014.

(4) Case No. 14-mc-80029-JSW: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; and District Judge Edward M. Chen*. Plaintiff asserted a single claim for violation of the Due Process Clause of the Fifth Amendment based on Judge Chen's issuance of the Vexatious Litigant Order. Plaintiff did not allege any conduct on the part of Chief Justice Roberts. Leave to file the complaint was denied on July 30, 2015.

(5) Case No. 14-mc-80030-JSW: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; District Judge Ronald M. Whyte; District Judge Edward M. Chen; Supervisor Snooki R. Puli; Supervisor Odile Hansen; Supervisor Simone Voltz; and Deputy Clerk Cynthia Lenahan*. Plaintiff asserted a single claim for violation of the Due Process Clause of the Fifth Amendment based on Judge Chen's Vexatious Litigant Order and the actions of the other defendants in enforcing that order. Leave to file the complaint was denied on March 26, 2014.

(6) Case No. 14-mc-80174-BLF: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; Chief District Judge Claudia Wilken; District Judge Ronald M. Whyte; District Judge Jeffrey S. White; District Judge Edward M. Chen; District Judge Lucy H. Koh; District Judge Richard Seeborg; Magistrate Judge Howard R. Lloyd; Clerk of Court Richard W. Wieking; Supervisor Snooki R. Puli; Supervisor Simone Voltz; Supervisor Odile Hansen; Deputy Clerk Cynthia Lenahan; Deputy Clerk Tiffany Salinas-Harwell; Deputy Clerk Martha P. Brown; Deputy Clerk Gordana Macic; Deputy Clerk Betty Walton; Deputy Clerk Charles Adams; Attorney General Eric H. Holder, Jr.; United States Attorney Melinda Haag; Assistant United States Attorney Claire T. Cormier; Assistant United States Attorney James A. Scharf, USMS Director Stacia Hylton; USM Donald M. O'Keefe; Supervisory USM Mark Harwell; Postmaster General Patrick R. Donahoe; Commissioner of Fiscal Service David A. Lebryk; David J. Yang; Judge Teresa Guerrero-Daley; and San Jose Police Department*. Plaintiff asserted 251 claims for fabrication, intimidation, conspiracy, and unspecified torts based on judicial rulings and acts of federal officials and employees within the scope of their positions. Leave to file the complaint was denied on July 8, 2014.

(7) Case No. 14-mc-80214-EJD: *Kuang-Bao P. Ou-Young v. District Judge Charles R. Breyer*. Plaintiff asserted a single claim for interference based on Judge Breyer's denial of Plaintiff's motion to intervene in a criminal case. Leave to file the complaint was denied on July 29, 2014.

(8) Case No. 14-mc-80215-EJD: *Kuang-Bao P. Ou-Young v. District Judge Beth L. Freeman*. Plaintiff asserted a single claim of interference based on Judge Freeman's denial of leave to file a prior action. Leave to file the complaint was denied on July 29, 2014.

(9) Case No. 14-mc-80306-LHK: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; Chief District Judge Claudia Wilken; District Judge D. Lowell Jensen; District Judge Charles R. Breyer; District Judge Ronald M. Whyte; District Judge Jeffrey S. White; District Judge Edward M. Chen; District Judge Lucy H. Koh; District Judge Richard Seeborg; District Judge Edward J. Davila; District Judge Beth Labson Freeman; Magistrate Judge Howard R. Lloyd; Clerk of Court Richard W. Wieking; Deputy Clerk-in-Charge Keely Kirkpatrick; Supervisor Snooki R. Puli; Supervisor Simone Voltz; Supervisor Odile Hansen; Deputy Clerk Cynthia Lenahan; Deputy Clerk Martha P. Brown; Deputy Clerk Tiffany Salinas-Harwell; Deputy Clerk Gordana Macic; Deputy Clerk Betty Walton; Deputy Clerk Barbara Espinoza; Deputy Clerk Charles Adams; Deputy Clerk Cita Escolano; Attorney General Eric H. Holder, Jr.; United States Attorney Melinda Haag; Assistant United States Attorney Claire T. Cormier; Assistant United States Attorney James A. Scharf; Assistant United States Attorney William Frentzen; Assistant United States Attorney Susan E. Badger; Assistant United States Attorney S. Waqar Hasib; Assistant United States Attorney Kirstin M. Ault; Assistant United States Attorney Kyle F. Waldinger; Assistant United States Attorney Adam A. Reeves; Assistant United States Attorney Jason Dean Linder; Assistant United States Attorney Ryan James Rohlfsen; USMS Director Stacia Hylton; USM Donald M. O'Keefe; Supervisory USM Mark Harwell; USM John Dole 1; USM John Dole 2; USM John Dole 3; Postmaster General Patrick R. Donahoe; Secretary of Treasury Jacob L. Lew; Commissioner of Fiscal Service David A. Lebryk; Continental Service Group, Inc.; David J. Yang; Judge Teresa Guerrero-Daley; and San Jose Police Department*. Plaintiff asserted 316 claims for fabrication, intimidation, conspiracy, and unspecified torts. Leave to file the

complaint was denied on November 14, 2014.

(10) Case No. 14-mc-80342-WHA: *Kuang-Bao P. Ou-Young v. Chief Justice John G. Roberts, Jr.; Chief District Judge Claudia Wilken; District Judge D. Lowell Jensen; District Judge Charles R. Breyer; District Judge Ronald M. Whyte; District Judge Jeffrey S. White; District Judge Edward M. Chen; District Judge Lucy H. Koh; District Judge Richard Seeborg; District Judge Edward J. Davila; District Judge Beth Labson Freeman; Magistrate Judge Howard R. Lloyd; Clerk of Court Richard W. Wieking; Deputy Clerk-in-Charge Keely Kirkpatrick; Supervisor Snooki R. Puli; Supervisor Simone Voltz; Supervisor Odile Hansen; Deputy Clerk Cynthia Lenahan; Deputy Clerk Martha P. Brown; Deputy Clerk Tiffany Salinas-Harwell; Deputy Clerk Gordana Macic; Deputy Clerk Betty Walton; Deputy Clerk Barbara Espinoza; Deputy Clerk Charles Adams; Deputy Clerk Cita Escolano; Attorney General Eric H. Holder, Jr.; United States Attorney Melinda Haag; Assistant United States Attorney Claire T. Cormier; Assistant United States Attorney James A. Scharf; Assistant United States Attorney William Frentzen; Assistant United States Attorney Susan E. Badger; Assistant United States Attorney S. Waqar Hasib; Assistant United States Attorney Kirstin M. Ault; Assistant United States Attorney Kyle F. Waldinger; Assistant United States Attorney Adam A. Reeves; Assistant United States Attorney Jason Dean Linder; Assistant United States Attorney Ryan James Rohlfsen; USMS Director Stacia Hylton; USM Donald M. O'Keefe; Supervisory USM Mark Harwell; USM John Dole 1; USM John Dole 2; USM John Dole 3; Postmaster General Patrick R. Donahoe; Secretary of Treasury Jacob L. Lew; Commissioner of Fiscal Service David A. Lebryk; Continental Service Group, Inc.; David J. Yang; Judge Teresa Guerrero-Daley; and San Jose Police Department.* Plaintiff refiled the identical claims, against the identical defendants, set forth in Complaint (9), above. Leave to file the complaint was denied on December 18, 2014.

(11) Case No. 15-mc-80180-VC: *Kuang-Bao P. Ou-Young v. President Barack Hussein Obama, II; District Judge Richard G. Kopf; District Judge D. Lowell Jensen; District Judge Ronald M. Whyte; District Judge Charles R. Breyer; District Judge Jeffrey S. White; District Judge Edward M. Chen; District Judge Beth L. Freeman; District Judge James Donato; Attorney General Loretta Lynch; Former Attorney General Eric H. Holder, Jr.; U.S. Deputy Attorney*

9

1  *General Sally Quillian Yates; Former U.S. Deputy Attorney General James M. Cole; United*

2  *States Attorney Melinda Haag; USMS Director Stacia Hylton; USM Donald M. O'Keefe;*

3  *Assistant United States Attorney Claire T. Cormier; Supervisory USM Mark Harwell; Deputy*

4  *Clerk Gordana Macic; Deputy Clerk Betty Walton; Deputy Clerk Anna Sprinkles; and Deputy*

5  *Clerk Cita Escolano.*  Plaintiff asserted numerous claims relating to the dismissal of his prior

6  actions.  Leave to file the complaint was denied on June 26, 2015.

7  (12)    Case No. 15-mc-80185-VC:  *Kuang-Bao P. Ou-Young v. President Barack Hussein*

8  *Obama, II; District Judge Richard G. Kopf; District Judge D. Lowell Jensen; District Judge*

9  *Ronald M. Whyte; District Judge Charles R. Breyer; District Judge Jeffrey S. White; District*

10  *Judge Edward M. Chen; District Judge Beth L. Freeman; District Judge James Donato; Attorney*

11  *General Loretta Lynch; Former Attorney General Eric H. Holder, Jr.; U.S. Deputy Attorney*

12  *General Sally Quillian Yates; Former U.S. Deputy Attorney General James M. Cole; United*

13  *States Attorney Melinda Haag; USMS Director Stacia Hylton; USM Donald M. O'Keefe;*

14  *Assistant United States Attorney Claire T. Cormier; Supervisory USM Mark Harwell; Deputy*

15  *Clerk Gordana Macic; Deputy Clerk Betty Walton; Deputy Clerk Anna Sprinkles; and Deputy*

16  *Clerk Cita Escolano.*  Plaintiff asserted the same claims, against the same defendants, as set forth

17  in Complaint (11), above.  Leave to file the complaint was denied on June 29, 2015.

18  (13)    Case No. 19-cv-07232-EJD (screened in Case No. 19-mc-80254-EJD): *Kuang-Bao*

19  *Paul Ou-Young v. Edward Leavy, Senior Circuit Judge, United States Court of Appeals for the*

20  *Ninth Circuit; Consuelo M. Callahan, Circuit Judge, United States Court of Appeals for the Ninth*

21  *Circuit; and Carlos T. Bea, Circuit Judge, United States Court of Appeals for the Ninth Circuit.*

22  Plaintiff has asserted a single claim for Civil Rights Violation based on the defendants' dismissal

23  of his appeal with respect to rulings in a criminal case against Plaintiff, *United States v. Kuang*

24  *Bao Ou-Young*, Case No. 17-cr-00263.  Plaintiff was granted leave to file the complaint after

25  screening, on the basis that the claims fall outside the scope of Judge Chen's Vexatious Litigant

26  Order.  The case is proceeding.  The district judge assigned to the case has not yet had occasion to

27  consider the merits of Plaintiff's claims.

28

(14) Case No. 19-cv-03049-EJD: *Kuang-Bao P. Ou-Young v. Edward Leavy, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, et al.*[1] Plaintiff asserted claims against eight current and former United States Supreme Court justices; seventeen current and former federal circuit judges; forty-seven current and former federal district judges; thirteen current and former magistrate judges; fourteen federal court employees; twenty-seven other federal employees and officials; and twenty-nine federal prison employees. Plaintiff alleged that defendants violated his civil rights. It appears that the Clerk's Office did not flag this action for pre-filing screening. All claims have been dismissed as without merit and the action has been dismissed with prejudice.

(15) Case No. 19-cv-07000-BLF: *Kuang-Bao P. Ou-Young v. Lawrence E. Stone, Santa Clara County Assessor; Jeanette Tonini, Senior Assessment Clerk; Edward J. Davila, District Judge; and County of Santa Clara*. The complaint in this action was filed in state court, and when it was removed to federal district court it was not flagged for screening by the Clerk's Office. The claims against Judge Davila have been dismissed as barred by judicial immunity. The claims against the County defendants are proceeding.

This record is adequate to demonstrate the scope of Plaintiff's attempts to sue federal judges.

### C. Substantive Findings

Before a district court issues a pre-filing review order, it must make a substantive finding that the litigant's actions have been either frivolous or harassing. *See Ringgold-Lockhart*, 761 F.3d at 1064. "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (internal quotation marks and citation omitted). "The plaintiff's claims must not only be numerous, but also be patently without merit." *Id*. (internal quotation marks and citation omitted). As an alternative to frivolousness, the district court may make a finding that the litigant has engaged in a pattern of harassment. *See id.* Filing particular types of actions repetitiously is

---

[1] The defendants sued in this case are too numerous to list in full here.

11

insufficient; the court must discern whether the repetitive filing was motivated by an intent to harass the defendant or the court. *See id.* "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Id*.

The Ninth Circuit has identified five factors that provide "a helpful framework" for determining whether a party is vexatious and whether a pre-filing order is warranted: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Ringgold-Lockhart*, 761 F.3d at 1062 (citation omitted).

The first factor – the history of litigation and whether it entailed vexatious, harassing, or duplicative lawsuits – strongly favors a pre-filing screening order for suits against federal judges. Plaintiff has filed or attempted to file at least fourteen actions against federal judges following Judge Chen's issuance of his Vexatious Litigant Order. Plaintiff also has filed at least one state court action against Judge Davila, which was removed to this Court. All of Plaintiff's claims against federal judges have been found to be without merit, with the exception of his claims in Case No. 19-cv-07232-EJD, which have not yet been addressed substantively by the court.

Plaintiff's attempts to sue federal judges generally follow on the heels of, and are in response to, those judges' rulings against Plaintiff. For example, on January 30, 2014, Judge Ronald M. Whyte denied Plaintiff leave to file a complaint against federal judges and employees. *See* Case No. 14-mc-80017-RMW, ECF 4. Approximately one week later, on February 6, 2014, Plaintiff attempted to sue Judge Whyte for denial of due process under the Fifth Amendment. *See* Case No. 14-mc-80030-JSW, ECF 1. On July 8, 2014, Judge Charles R. Breyer denied Plaintiff's motion to intervene in a criminal action. *See* Case No. 14-cr-00196-CRB, ECF 345. Approximately one week later, on July 17, 2014, Plaintiff attempted to file a complaint against Judge Breyer for "Interference," stemming from Judge Breyer's denial of Plaintiff's motion to

intervene. *See* Case No. 14-mc-80214-EJD, ECF 1. On October 15, 2019, Plaintiff submitted a complaint that was assigned to Judge Davila for screening. *See* Case No. 19-mc-80255-EJD. Before Judge Davila had an opportunity to rule, and apparently in anticipation of an adverse ruling, Plaintiff filed the present action against Judge Davila in the Santa Clara County Superior Court. *See* ECF 1, Notice of Removal. As noted above, this Court has dismissed Plaintiff's claims against Judge Davila on the basis of judicial immunity. *See* ECF 25.

Even after the court has dismissed such suits, Plaintiff persists in reasserting the same claims against the same judges based upon the same judicial acts. *See, e.g.,* Case No. 14-mc-80017-RMW, ECF 4 (indicating that all of Plaintiff's claims were subject to dismissal on grounds that had been explained to him in a prior order, including immunity, lack of private right of action under criminal statutes, and failure to exhaust administrative remedies); Case No. 14-mc-80174-BLF, ECF 2 ("As explained in the Vexatious Litigant Order, this Court lacks jurisdiction over Plaintiff's claims against judges, prosecutors, and court staff, because they are immune from suit."). On August 14, 2019, Plaintiff filed a lengthy pleading asserting claims against almost every judge in this district, judges in other districts, circuit court judges, United States Supreme Court justices, and federal officials and employees. *See* Case No. 19-cv-03049-EJD, ECF 10. In that pleading, Plaintiff made clear that he was continuing to sue judges based on judicial acts dating back to 2012. He specifically referenced Judge Whyte's January 2014 order denying leave to file a complaint in Case No. 14-mc-80017-RMW, Judge Breyer's July 2014 order denying leave to intervene in Case No. 14-cr-00196-CRB, and many other judicial acts that were the subject of unsuccessful prior lawsuits in this district. Those claims were dismissed with prejudice on October 9, 2019. *See* Case No. 19-cv-03049-EJD, ECF 36.

The second factor – the litigant's motive in pursuing litigation – also weighs in favor of a pre-filing screening order for suits against federal judges. The Court cannot conceive of any legitimate basis for Plaintiff's insistence in filings suit against judges despite having been advised in numerous court orders that such claims are not viable. Plaintiff's conduct in filing suit against judges who issue adverse rulings against him, and in particular his assertion of the same claims over and over, strongly suggests a bad faith motive. After reviewing all of the orders issued by

13

judges in this district explaining that Plaintiff cannot prevail on such claims, the Court can only conclude that Plaintiff's purpose is to harass federal judges through litigation.

The third factor inquires whether Plaintiff is represented by counsel. He is not, and in fact it would be surprising if a sworn officer of the court were to participate in the meritless and harassing litigation described herein.

The fourth factor – whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel – strongly favors the contemplated pre-filing screening order. Plaintiff's repeated assertion of claims against federal judges embodies the "[f]lagrant abuse of the judicial process" described by the Ninth Circuit that "cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at 1057 (internal quotation marks and citation omitted). While Plaintiff's earlier complaints against federal judges were screened pursuant to Judge Chen's Vexatious Litigant Order, Plaintiff's most recent complaints have been opened as civil actions, either because the Clerk's Office did not flag them for screening or because they fell outside the scope of Judge Chen's order. Addressing those complaints wastes judicial resources that better could be devoted to other cases.

Finally, the fifth factor asks whether other, less restrictive options, would be adequate. As noted, the Vexatious Litigant Order currently in place has not barred the filing of Plaintiff's most recent claims against federal judges. Requiring pre-filing review of all claims against federal judges would prevent the waste of judicial resources that must be expended when a civil suit is litigated. The Court has considered whether such waste could be avoided by imposition of a monetary sanction against Plaintiff each time he litigates frivolous or harassing claims against federal judges. However, judicial resources would be required to determine whether each particular claim in fact is frivolous or harassing. Moreover, it is not at all clear that imposition of a monetary sanction would deter Plaintiff's conduct, given his determination to sue federal judges.

Based on this record, the Court concludes that Plaintiff's conduct in suing federal judges has been both frivolous and harassing.

**D. Narrowly Tailored**

Of the dozens of lawsuits that Plaintiff has filed in this district, approximately half have asserted claims against federal judges. The suits against federal judges all appear to be based on judicial acts for which the defendant judges are absolutely immune. Until recently, Judge Chen's Vexatious Litigant Order sufficed to ensure that those suits were barred at the outset. However, in 2019 at least three civil actions against federal judges were opened, either because Judge Chen's order did not alert the Clerk's Office staff that screening was required or because the complaint did not involve the statutes or parties specified in Judge Chen's Order. Given Plaintiff's history of suing federal judges, and the recent spate of suits against federal judges that were not barred at the outset by Judge Chen's order, the Court concludes that an order requiring pre-filing review of complaints against federal judges is warranted. Such an order is narrowly tailored to address Plaintiff's documented propensity to sue federal judges. The order will not prevent Plaintiff from proceeding with any potentially meritorious claim against federal judges, but it will protect this court and federal judges from the burdens imposed by frivolous and harassing suits.

**E. The Prior Vexatious Litigant Order Remains in Effect**

This order does not affect the continuing enforceability of Judge Chen's pre-filing screening order.

**IV. ORDER**

Accordingly, it is HEREBY ORDERED that:

(1) Kuang-Bao P. Ou-Young must obtain leave of court before filing any complaint that alleges claims against federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate judges, and federal bankruptcy judges;

(2) The Clerk of Court shall not accept for filing any complaint alleging claims against federal judges until the complaint has been reviewed by a judge and approved for filing. The Clerk shall forward any such complaint to the general duty judge for pre-filing screening; and

(3) This order applies to complaints that Kuang-Bao P. Ou-Young seeks to file in this district, complaints filed in state court and removed to this district, and complaints filed in adversary proceedings in this district's bankruptcy court.

Dated: December 5, 2019

BETH LABSON FREEMAN
United States District Judge