UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE E. STONE, Santa Clara County Assessor; JEANETTE TONINI, Senior Assessment Clerk; and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 19-cv-07000-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND AS TO DEFENDANTS COUNTY AND STONE; VACATING APRIL 2, 2020 HEARING ON MOTION; AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED AS TO DEFENDANT TONINI BASED ON COUNTY'S REPRESENTATION THAT DEFENDANT TONINI IS DECEASED**<br><br>[Re: ECF 29] |

Plaintiff Kuang-Bao P. Ou-Young, proceeding *pro se*, sues Defendants County of Santa Clara ("County"), County Assessor Lawrence E. Stone ("Stone"), and Senior Assessment Clerk Jeanette Tonini ("Tonini") for violation of his rights under the Fourth Amendment to the United States Constitution.[1] *See* Compl., Exh. 4 to Notice of Removal, ECF 1. Plaintiff alleges that after his spouse transferred her interest in their residence to Plaintiff, the County assessor's office unlawfully terminated Plaintiff's homeowner's exemption in order to raise Plaintiff's property taxes and has refused to restore Plaintiff's homeowner's exemption. *See id.* at 2-3. Based on the described conduct, Plaintiff asserts that Defendants "conspired to deprive plaintiff of the Fourth Amendment right against unreasonable seizures." Compl. at 3.

---

[1] As discussed in more detail below, Plaintiff also sued District Judge Edward J. Davila, but the Court has dismissed Judge Davila from the action without leave to amend. *See* Order Dismissing Plaintiff's Claims Against Judge Edward J. Davila, ECF 25.

1    On January 7, 2020, Defendants County and Stone filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Motion to Dismiss, ECF 29. Plaintiff, who is a registered E-Filer, received email service of the motion through the Court's Electronic Case Filing System on January 7, 2020. Pursuant to this Court's Civil Local Rules, and as reflected in the docket entry for the motion to dismiss, the deadline for filing opposition to the motion was January 21, 2020. *See* Civ. L.R. 7-3 ("The opposition must be filed and served not more than 14 days after the motion was filed."); Docket Entry at ECF 29. Plaintiff did not filed opposition. On January 28, 2020, Defendants County and Stone filed a reply, stating that no opposition had been filed and requesting that the Court grant their motion to dismiss without leave to amend.

The Court finds that the motion to dismiss is appropriate for decision without oral argument, and it hereby VACATES the hearing set for April 2, 2020. The motion to dismiss filed by Defendants County and Stone is GRANTED WITH LEAVE TO AMEND for the reasons discussed below.

Defendant Tonini has not appeared, and there is no indication on the docket that she has been served with process. Defendants County and Stone represent in their motion that Ms. Tonini is deceased. *See* Motion to Dismiss at p. 5, n. 2, ECF 29. Plaintiff is ORDERED TO SHOW CAUSE, in writing and within fourteen days, why the action should not be dismissed against Defendant Tonini.

**I.    BACKGROUND**

On October 17, 2019, Plaintiff filed the complaint in this action in the Santa Clara County Superior Court. *See* Compl., Exh. 4 to Notice of Removal, ECF 1. The complaint asserts a single claim for "Unreasonable Seizures" against the County, Stone, Tonini, and United States District Judge Edward J. Davila. *See id.* On October 25, 2019, the United States of America removed the action to federal district court on behalf of Defendant Judge Davila. *See* Notice of Removal, ECF 1. The removal was based on 28 U.S.C. § 1442(a)(3), providing for removal of state court actions asserted against "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."

This Court thereafter issued an order granting the United States' motion for leave to appear as *amicus curiae* in this action. *See* Order to Show Cause, ECF 15. The Court also directed Plaintiff to show cause why the action should not be dismissed as to Judge Davila on the basis of absolute judicial immunity and why the pre-filing screening order regarding Plaintiff should not be expanded to include claims against federal judges. *See id.* After reviewing Plaintiff's response to the Order to Show Cause, the Court dismissed Judge Davila from the action without leave to amend and issued an order requiring that Plaintiff obtain leave of court before filing any complaint against federal judges. *See* Order Dismissing Judge Davila, ECF 25; Prefiling Review Order, ECF 26. The Court also denied Plaintiff's motion to remand the case to state court. *See* Order Denying Plaintiff's Motion to Remand, ECF 27. Finally, the Court *sua sponte* consolidated the present action with Case No. 19-cv-07231-BLF, a substantially similar action filed by Plaintiff against the County, Stone, and Tonini. *See Sua Sponte* Order Consolidating Cases, ECF 28. The Court directed that the consolidated action proceed under Case No. 19-cv-07000-BLF (this case), and that Case No. 19-cv-07231-BLF be closed. *See id.*

On January 7, 2020, Defendants County and Stone filed the present motion to dismiss. *See* Motion to Dismiss, ECF 29. As noted above, Plaintiff has not filed opposition.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"A *pro se* complaint must be liberally construed, since a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (internal quotation marks and

3

citation omitted).

When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

Plaintiff's complaint contains a single claim for "Unreasonable Seizures." Compl. at 2-3, Exh. 4 to Notice of Removal, ECF 1. Plaintiff claims that Defendants County, Stone, and Tonini unlawfully terminated Plaintiff's homeowner's exemption based on an Interspousal Transfer Grant Deed by which Plaintiff's spouse transferred her interest in their residence to Plaintiff. *Id.* According to Plaintiff, Defendants' conduct violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures. Compl. at 3. Although the complaint does not make specific reference to 42 U.S.C. § 1983, the Court liberally construes the complaint to allege a § 1983 claim for violation of Plaintiff's Fourth Amendment Rights. The Court notes that Case No. 19-cv-07231-BLF, which was consolidated into the present case, did expressly state that Plaintiff's Fourth Amendment claim is brought pursuant to § 1983.

Defendants County and Stone move to dismiss Plaintiff's § 1983 claim on the bases that: (1) Plaintiff has not alleged that the claimed deprivation of his Fourth Amendment rights was pursuant to a policy maintained by the County; (2) Plaintiff has not alleged Stone's personal participation in the claimed constitutional violation; and (3) the facts alleged in the complaint do not state a federal claim. Defendants' motion is well-taken.

### A. County

"Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove (1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the

4

municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks, citation, and alterations omitted). Plaintiff has not alleged that the termination of his homeowner's exemption was pursuant to a policy maintained by the County. Plaintiff therefore has failed to state a claim for relief against the County.

### B. Stone

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." *Id*. Plaintiff has not alleged any personal participation by Defendant Stone in the termination of Plaintiff's homeowner's exemption. The sole allegation of personal participation is a conclusory statement that Stone "conspired to deprive plaintiff of the Fourth Amendment right against unreasonable seizures." Compl. at 3. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Accordingly, Plaintiff has failed to state a claim for relief against Stone.

### C. Tax Injunction Act

Defendants County and Stone also assert that Plaintiff's claim is barred because he does not allege that state remedies are inadequate with respect to his claim for a homeowner's exemption and a tax refund. Defendants rely on *California v. Grace Brethren Church*, 457 U.S. 393 (1982), in which the Supreme Court discussed the impact of the Tax Injunction Act on federal claims challenging state tax assessments. Based on their citation to *Grace Brethren Church*, the Court understands Defendants to be arguing that even if Plaintiff had alleged the existence of a County policy and personal participation by Stone, Plaintiff's claim would be barred by the Tax Injunction Act. The Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

"When applicable, the Act prohibits both declaratory and injunctive relief, as well as §

1983 suits for damages." *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (citations omitted). In *Lowe*, landowners brought a § 1983 action against a county, county assessor, and county treasurer, challenging the valuation of their real property used to calculate ad valorem property taxes. *See Lowe*, 627 F.3d at 1153. The Ninth Circuit found the action to be barred by the Tax Injunction Act after determining that "Nevada's administrative and judicial review process provides an effective and adequate means by which a dissatisfied taxpayer may contest his property valuation." *Id*. at 1156. The Ninth Circuit noted that "[i]f a 'plain, speedy and efficient remedy' is not available in state court, a federal district court may exercise jurisdiction over a party's challenge to a state tax." *Lowe*, 627 F.3d at 1155. However, federal courts must construe that exception to the Act narrowly. *See id.* "For the Act's jurisdictional prohibition to apply, the state court remedy need only meet certain minimal procedural criteria." *Id*. *Id*. (internal quotation marks and citation omitted). A state court remedy is plain, speedy and efficient "if it provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *Grace Brethren Church*, 457 U.S. at 413-14.

Plaintiff's Fourth Amendment claim, based on the termination of his homeowner's exemption and increase in his property taxes, appears to fall squarely within the bar raised by the Tax Injunction Act. Defendants point out that the Supreme Court has found California's refund procedures adequate to provide a plain, speedy, and efficient remedy for constitutional challenges to certain taxes. *See Grace Brethren Church*, 457 U.S. at 413. Defendants argue, correctly, that Plaintiff has not alleged that he lacks a plain, speedy, and efficient state court remedy for his Fourth Amendment claim based on termination of his homeowner's exemption and increase in property taxes. Plaintiff's claim therefore appears to be barred by the Tax Injunction Act.

**D.     Conclusion**

For the foregoing reasons, the motion to dismiss brought by Defendants County and Stone is GRANTED WITH LEAVE TO AMEND.[2]

---

[2] In light of the Court's determination that the complaint is subject to dismissal on the grounds discussed above, the Court need not reach Defendants' additional argument based on cases holding that collection of delinquent federal taxes by the Internal Revenue Service ("IRS") does not violate the Fourth Amendment where there is no invasion of the taxpayer's premises. *See,*

6

1   Defendants urge the Court to dismiss Plaintiff's complaint without leave to amend, arguing that any amendment would be futile. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

Most of these factors weigh in favor of allowing leave to amend. Plaintiff has not engaged in undue delay in this case (factor 1). The Court has not previously issued an order identifying deficiencies in Plaintiff's claim against Defendants County and Stone, so there has been no repeated failure to cure with respect to that claim (factor 3). Granting Plaintiff leave to amend in response to a first motion to dismiss would not impose undue prejudice on Defendants County and Stone (factor 4).

With respect to the inquiry into bad faith or dilatory motive (factor 2), Plaintiff has filed three separate lawsuits asserting the same claim based on termination of his homeowner's exemption. *See* Case No. 19-cv-07000-BLF; Case No. 19-cv-07231-BLF (closed); Case No. 20-cv-00230-BLF. Plaintiff's conduct has multiplied the proceedings related to his claim and placed unnecessary burdens on the Court as well as Defendants County and Stone. While the Court is not prepared to make a finding of bad faith at this time, Plaintiff is advised that the Court may make a bad faith finding if Plaintiff continues to file duplicative lawsuits or unnecessarily multiplies the proceedings in the current suit.

Finally, while it is highly unlikely that Plaintiff will be able to cure the defects in his pleading, the Court is unwilling to make a final determination of futility (factor 5) without giving Plaintiff one opportunity to amend, particularly in light of his *pro se* status.

For these reasons, the Court concludes that leave to amend is appropriate with respect to

---

*e.g., Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982). Defendants acknowledge that *Hutchinson* and other cases cited for that proposition are not directly applicable to the facts of this case, but they argue that "[t]he rationale that applies for the federal government's summary collection of taxes should apply with same force to the collection of local taxes." Motion at 9, ECF 29. The Court need not reach that issue because Defendants' other arguments are dispositive.

7

Plaintiff's existing claim based on termination of his homeowner's exemption.  Plaintiff may not add new claims or parties without obtaining express leave of the Court to do so.

## IV. ORDER

(1) The motion to dismiss brought by Defendants County and Stone is GRANTED WITH LEAVE TO AMEND.

(2) Any amended complaint shall be filed on or before February 19, 2020.  Failure to file an amended pleading by this deadline will result in dismissal of the action.

(3) Leave to amend is limited to Plaintiff's existing claim based on termination of his homeowner's exemption.  Plaintiff may not add new claims or parties unless and until he files a noticed motion for leave to amend *and* such motion is granted by the Court.  If Plaintiff files an amended pleading that goes beyond the leave to amend granted in this order, such amended pleading will be stricken.

(4) Plaintiff is ORDERED TO SHOW CAUSE, in writing and on or before February 12, 2020, why this action should not be dismissed as to Defendant Tonini; and

(5) This order terminates ECF 29.

Dated:  January 29, 2020

_____
BETH LABSON FREEMAN
United States District Judge